### J. H. LEE v. A. J. MELTON.

(Filed 7 March, 1917.)

**Landlord and Tenant—Sale of Crop—Landlord's Consent—Contracts.**

> In an action against a tenant to recover damages for his failure to deliver a crop under his contract of sale, the defense that the tenant had not settled with his landlord, and that the contract was therefore illegal, is not available, when it is shown that the landlord had consented to the sale and had thereafter taken possession of the crop at the tenant's request.

CIVIL ACTION, tried before *Daniels, J.,* at October Term, 1916, of HERTFORD.

This is an action to recover $30.22 damages for failure to deliver certain peanuts according to contract.

The action was heard in the Superior Court on appeal from a justice of the peace, and the plaintiff was there awarded $6.95 damages, and the defendant appealed.

It was in evidence that the defendant was a tenant of one Weaver at the time the contract of sale was made, and that the peanuts were raised on the land of Weaver.

*No counsel for plaintiff.*
*Roswell G. Bridger for defendant.*

PER CURIAM. The principal exception relied on by the defendant is to the refusal of his Honor to charge the jury that the plaintiff could not recover because of the illegality of the contract, in that the defendant was a tenant and had not settled with his landlord and had no right to sell or remove the peanuts.

We find, however, that his Honor gave the defendant the full benefit of the principle for which he contends.

He charged the jury, among other things, as follows:

"Ordinarily a tenant has no right to sell any part of the crop until he has paid his rents and advances; and a person making a contract with him to buy, knowing that he is a tenant and knowing that rents and advances had not been paid, could not enforce such a contract. The contention of the plaintiff is that the landlord consented that the tenant should deal with those peanuts.

"The plaintiff contends that the landlord consented; that he had been his tenant for some years, and had been in the habit of selling the peanut

crop, and this year he was selling the peanuts just as he had been doing before, and the landlord says he made no objection, and the reason the landlord took charge was because the tenant asked him.

"If you are satisfied from the testimony and by its greater weight that the tenant had the consent of the landlord to sell the peanuts, then you are to disregard their relations as landlord and tenant."

There was evidence tending to prove that the landlord had given his consent to the sale by the defendant, and it was only upon this view of the case that his Honor permitted the recovery by the plaintiff.

There is
No error.

---

MISSOURI WHITE v. NORFOLK SOUTHERN RAILWAY COMPANY.

(Filed 14 March, 1917.)

**Carriers of Passengers—Negligence—Schedules—Local Agent.**

The liability of the defendant railroad company in this case is held the result of the local agent misdirecting the plaintiff as to train schedules.

PETITION to rehear this case, reported 172 N. C., 31.

*I. M. Meekins for plaintiff.*
*C. M. Bain, J. Kenyon Wilson, W. B. Rodman for defendant.*

PER CURIAM. In the petition to rehear this case it is said: "The amount of money involved in this appeal is very little, and if that was all that was involved, this company would not have appealed the case to this Court. The real question is one that is vital to the proper operation of trains in the real interest of the traveling public; that question is this: May any and all local agents of railroads abolish or change the published schedules of its trains?"

We think the learned counsel for defendant have misconstrued our opinion. We have not decided that local agents of railroads may abolish or change the published schedules of trains. The decision in this case is made to rest exclusively upon the unwarranted negligence of the defendant's agent in misdirecting plaintiff in respect to the schedules of its trains. A cursory reading of the opinion, we think, makes that manifest.

Petition dismissed.